MERCHANTS' NATIONAL BANK OF DUBUQUE v. MONTGOMERY.

*Appeal from Dubuque District Court — Wednesday, July 26.*

PROMISSORY NOTE: FRAUD.

ACTION upon a note; judgment for plaintiff, and defendant appeals. The further necessary facts are stated in the opinion.

*Wilson & O'Donnell* for the appellant.

*D. E. Lyon* for the appellee.

COLE, J. — Action by the plaintiff as indorsee of a note made by the defendant to the order of D. M. Bridges & Co., for $150, payable three months after date, September 3, 1869, with interest; indorsed by the payees to D. E. Lyon, and by him to the plaintiff. The petition is in the usual form, and is verified. The defendant in due time filed an answer, sworn to, in which he pleaded that the note was obtained by fraud and false pretenses, and that the consideration had wholly failed, setting out the facts constituting such fraud and failure. The answer also contains the averment that the assignment of said note by Bridges & Co. is a fraud upon defendant, and was made in order to cut off the defendant from his defense; and that said Bridges & Co. are still the owners of said note. The plaintiff moved to strike the answer from the records, because it admits the making of the note and its genuineness, and sets up no defense as against plaintiff, and is irrelevant and redundant. This motion was sustained, and judgment rendered for the amount of the note. This ruling is assigned as error.

It was error to sustain the motion. The answer sets up a good and sufficient defense to the note, beyond any question, if the suit was by the payees. The appellee does not dispute this, but claims that it does not show facts sufficient to make that defense available as against the plaintiff, an indorsee. But this answer does aver that the payees are still the owners of the note sued on, and that the assignment was fraudulently made in order to cut off the defense. If these averments are true, then the defendant might properly show the fraud in obtaining the note, and thereby defeat a recovery by the plaintiff. The answer certainly made an issue as to the ownership of the note, and the defendant had the right to have that issue properly tried.

We ground our reversal of the judgment upon the merits of the defense, but in doing so we do not wish to be understood as giving our approval in the slightest degree to the practice of filing a motion to strike the answer from the records, instead of filing a demurrer. The latter is the proper mode of assailing an answer for the causes specified in this motion.

The appellee's counsel, in his argument, assails the answer as being a *sham* pleading, but there is nothing to show it such, nor was that a cause stated in the motion for striking it from the records.

Reversed.